## In re: CHOCOLATE CONFECTIONARY ANTITRUST LITIGATION.

### MDL No. 1935.

United States Judicial Panel on Multidistrict Litigation.

April 7, 2008.

Before D. LOWELL JENSEN, Acting Chairman, JOHN G. HEYBURN II, Chairman *, J. FREDERICK MOTZ *, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA *, Judges of the Panel.

_____

* Judges Heyburn, Motz and Scirica took no part in the disposition of this matter. Addi-

## TRANSFER ORDER

D. LOWELL JENSEN, Acting Chairman.

■ **Before the entire Panel \*:** Plaintiffs in six actions pending in the District of New Jersey (two actions) and the Middle District of Pennsylvania (four actions) have submitted four motions,[1] pursuant to 28 U.S.C. § 1407, for centralization of a total of twenty actions. No responding party opposes centralization, but there is disagreement over the selection of a transferee forum. Moving and responding plaintiffs variously support centralization in the following districts: the Central District of California, the Eastern District of Michigan, the District of New Jersey, the Southern District of New York, the Eastern District of Pennsylvania, the Middle District of Pennsylvania, the Eastern District of Texas, or the Eastern District of Virginia. Responding defendants[2] support centralization in the Southern District of New York.

This litigation currently consists of twenty actions listed on Schedule A and pending in seven districts as follows: five actions each in the District of New Jersey and the Middle District of Pennsylvania, four actions in the Eastern District of Pennsylvania, three actions in the Eastern District of Michigan, and one action each in the Northern District of California, the Southern District of New York and the Eastern District of Virginia.[3]

■ On the basis of the papers filed and hearing session held, we find that these twenty actions involve common questions of fact, and that centralization under Section 1407 in the Middle District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All these actions arise from allegations that defendants conspired to fix, raise, maintain and/or stabilize the price of chocolate confectionary products in the United States at supracompetitive levels. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to the issue of class certification), and conserve the resources of the parties, their counsel and the judiciary.

■ We are persuaded that the Middle District of Pennsylvania is an appropriate transferee district for pretrial proceedings in this litigation. Because defendant Hershey's worldwide headquarters are located there, and several of the defendants maintain a presence in or near that district, relevant documents and witnesses are likely located in that area.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside

---

tionally, in light of the fact that Judges Jensen, Miller, Vratil and Hansen could be members of the putative class(es) in this litigation, the Panel invokes the "rule of necessity" in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation,* 170 F.Supp.2d 1356, 1357–58 (J.P.M.L.2001).

1. Although additional submissions styled as "motions" were submitted to the Panel, they were docketed as responses in accordance with Panel Rule 7.2(h). *See* Rule 7.2(h), R.P.J.P.M.L., 199 F.R.D. 425, 434 (2001).

2. Cadbury Adams U.S.A. LLC; The Hershey Co. (Hershey); ITWAL Ltd.; Mars, Inc.; Masterfoods USA; and Nestle U.S.A., Inc.

3. In addition to the twenty actions now before the Panel, the parties have notified the Panel of 51 related actions pending in various districts across the country. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. at 435–36.

the Middle District of Pennsylvania are transferred to the Middle District of Pennsylvania and, with the consent of that court, assigned to the Honorable Yvette Kane for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

## SCHEDULE A

MDL No. 1935 — **IN RE: CHOCOLATE CONFECTIONARY ANTITRUST LITIGATION**

*Northern District of California*

Scott Lamson v. The Hershey Co., et al., C.A. No. 3:08–153

*Eastern District of Michigan*

International Wholesale, Inc. v. The Hershey Co., et al., C.A. No. 2:08–10215

United Wholesale v. The Hershey Co., et al., C.A. No. 2:08–10275

United Customs Distribution v. The Hershey Co., et al., C.A. No. 5:08–10276

*District of New Jersey*

CNS Confectionery Products, LLC, et al. v. The Hershey Co., et. al., C.A. No. 2:07–6088

Akisa Matsuda v. The Hershey Co., et al., C.A. No. 2:08–191

Eric Lense v. The Hershey Co., et al., C.A. No. 2:08–192

Diane Chiger v. The Hershey Co., et al., C.A. No. 2:08–195

Stephen Snow, et al. v. The Hershey Co., et al., C.A. No. 2:08–199

*Southern District of New York*

Webb's Candies, Inc. v. Cadbury Adams Canada, Inc., et al., C.A. No. 1:08–382

*Eastern District of Pennsylvania*

Stephen L. LaFrance Pharmacy, Inc., etc. v. The Hershey Co., et al., C.A. No. 2:08–109

Richard Miller, et al. v. The Hershey Co., et al., C.A. No. 2:08–198

Western Skier, Ltd. v. The Hershey Co., et al., C.A. No. 2:08–205

Michael W. DeMarshall v. The Hershey Co., et al., C.A. No. 2:08–253

*Middle District of Pennsylvania*

Michael McNamara v. Cadbury Schweppes, PLC, et al., C.A. No. 1:07–2335

Katherine Woodman v. The Hershey Co., et al., C.A. No. 1:07–2336

Glenn Coffey, etc. v. The Hershey Co., et al., C.A. No. 1:08–84

The Lorain Novelty Co., Inc. v. Cadbury Adams Canada, Inc., et al., C.A. No. 1:08–101

Mandel Tobacco Co., Inc. v. The Hershey Co., et al., C.A. No. 1:08–122

*Eastern District of Virginia*

STLE Corp. v. The Hershey Co., et al., C.A. No. 1:08–19